UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | |
| v.                     ) | Criminal No. 05-441 (RCL) |
| ) | |
| JEROME H. JONES,            ) | |
| _____ ) | |

MOTION TO SUPPRESS EVIDENCE,
INCORPORATED MEMORANDUM IN SUPPORT THEREOF, AND
REQUEST FOR EVIDENTIARY HEARING

Jerome Jones, by his attorney, Rita Bosworth, Assistant Federal Public Defender, respectfully moves this court to suppress physical evidence, statements, and any other tainted evidentiary "fruits" resulting from the illegal stop and search in this case. This motion is made pursuant to FED. R. CRIM. P. 12(b)(3) and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

**STATEMENT OF FACTS[1]**

Mr. Jones was charged, in a one-count indictment issued October 15, 2005, with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

According to the police report, on October 15, 2005, at approximately 12:15 a.m., members of the police observed Mr. Jones standing with a group of other people and holding a brown paper bag with what the officers believed to be bottles inside. Mr. Jones allegedly started to walk away when he saw the police. At some point, the officers attempted to search Mr. Jones,

---

[1]This statement of the facts is a summary based on the PD 163 provided as discovery in this case. By including in this motion the facts as alleged by government witnesses, Mr. Jones does not in any way concede that these facts are accurate or true.

and he was eventually "taken down to the ground." Once Mr. Jones was on the ground, the police claim to have found a gun in Mr. Jones's waistband, at which point they placed him under arrest.

## ARGUMENT

### I. THE PHYSICAL EVIDENCE RECOVERED MUST BE SUPPRESSED AS THE TAINTED FRUIT OF AN ILLEGAL SEARCH AND SEIZURE

The Fourth Amendment provides, in part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." The Fourth Amendment's protection against unreasonable searches and seizures has been construed to require probable cause for warrantless arrests and searches. Henry v. United States, 361 U.S. 98, 100-101 (1959). Probable cause exists when, under the facts and circumstances of the situation, a person of reasonable prudence would believe that a crime has been committed or is being committed. Beck v. Ohio, 379 U.S. 89, 91 (1964). As stated in Johnson v. United States, 333 U.S. 10, 13-14 (1948):

> [t]he point of the Fourth Amendment . . . is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

In the present case, the officers' actions were predicated upon the mere observation of Mr. Jones, who was standing with a group of other individuals, holding a brown paper bag that allegedly had bottles in it. The officers did not have any actual knowledge of what was inside the bottles, nor did they observe any other actions which would give rise to the belief that anything suspicious was taking place. There is no indication that they asked Mr. Jones any questions or

attempted to gather any further information from the situation, they simply proceeded to search Mr. Jones and wrestle him to the ground. Thus, the search and seizure of Mr. Jones, without more, was without probable cause and in violation of the Fourth Amendment. Therefore, all of the evidence seized as a result of this illegal search and seizure must be suppressed. Wong Sun v. United States, 371 U.S. 471, 484-485 (1963).

### II. MR. JONES'S STATEMENT MUST BE SUPPRESSED BECAUSE IT WAS INVOLUNTARY AND MADE IN VIOLATION OF MIRANDA.

Further, Mr. Jones submits that the statement resulting from the custodial interrogation of him must be suppressed. As a result of the Fifth Amendment's protection against self-incrimination, the prosecution may not use statements derived from a custodial interrogation that was not in compliance with the requirements of Miranda v. Arizona, 384 U.S. 436 (1966). In Miranda, the Court established certain procedural safeguards to insure that the decision to forego the protection of the Fifth Amendment was a knowing and voluntary one. The government bears the heavy burden of establishing that proper Miranda warnings were given to the accused and that an intelligent and voluntary waiver of those rights occurred prior to the questioning of the person. Miranda, 384 U.S. at 475. In Moran v. Burbine, 475 U.S. 412 (1986), the Court, in re-affirming the high level of proof necessary for a determination that the waiver of the Miranda rights was proper, stated:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.

Id. at 421. In the present case, the facts and circumstances surrounding the arrest Mr. Jones do not support a finding that there was a knowing, voluntary, and intelligent waiver of his Miranda rights. Thus, the statement must be suppressed.

In addition to establishing that the interrogation complied with the requirements of Miranda, the government must prove that the statement was voluntarily made in all other respects. The requirement that a statement be voluntary is rooted in the Due Process Clauses of the Fifth and Fourteenth Amendments. Oregon v. Elstad, 470 U.S. 298, 306-307 (1985); Michigan v. Tucker, 417 U.S. 433 (1974). Statements that are not voluntarily made are inadmissible as inherently untrustworthy and their use violates our fundamental sense of decency. Spano v. New York, 360 U.S. 315, 320 (1959); Brown v. Mississippi, 297 U.S. 278, 285-286 (1936). A statement is not voluntarily made if it is "extracted by any sort of threats or violence [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." Hutto v. Ross, 429 U.S. 28, 30 (1976); Miller v. Fenton, 796 F.2d 598, 608 (3rd Cir.), cert.denied, 479 U.S. 989 (1986). The government must show that the statement was not the product of physical or psychological coercion or by improper inducement which overwhelmed the person's free will. Hayne v. Washington, 373 U.S. 503, 513 (1963).

In the instant case, the presence of an unspecified number of police officers moving toward Mr. Jones and the people with him for no apparent reason constituted a situation that was coercive and overwhelming to Mr. Jones. These circumstances resulted in a statement which was not the product of his free will. Thus, the statement must be suppressed.

4

## CONCLUSION

For the foregoing reasons, and any other reasons that the Court may deem just and reasonable, Mr. Jones requests that the Court suppress the gun found during the illegal search and seizure of him as well as the statement made in violation of his <u>Miranda</u> and due process rights, along with any other evidence or statements obtained by the officers in violation of the Fourth and Fifth Amendments. Mr. Jones respectfully requests an evidentiary hearing on this motion.

Respectfully submitted,

A. J. KRAMER
Federal Public Defender


_____/s/_____
RITA BOSWORTH
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500