## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ) | | |
| ) | **Cr. No. 05-441 (RCL)** | |
| **v.** ) | | |
| ) | | |
| **JEROME JONES** ) | | |
| ——————————————) | | |

### DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO USE DEFENDANT'S PRIOR CONVICTIONS FOR IMPEACHMENT

Mr. Jerome Jones, through undersigned counsel, respectfully opposes the Government's motion, pursuant to Federal Rule of Evidence 609, to use prior convictions to impeach Mr. Jones should he choose to testify at trial.

### BACKGROUND[1]

Mr. Jones is charged, in a one-count indictment issued October 15, 2005, with Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

According to the police report, on October 15, 2005, at approximately 12:15 a.m., police observed Mr. Jones standing with a group of other people and holding a brown paper bag with what the officers believed to be bottles inside.  Mr. Jones allegedly started to walk away when he saw the police.  At some point, the officers attempted to search Mr. Jones, and he was eventually "taken down to the ground."  Once Mr. Jones was on the ground, the police claim to have found a gun in Mr. Jones's waistband, at which point they placed him under arrest.

---

[1]This statement of the facts is a summary based on the PD 163 provided as discovery in this case.  By including in this motion the facts as alleged by government witnesses, Mr. Jones does not in any way concede that these facts are accurate or true.

**ARGUMENT**

Although FED. R. EVID. 609(a)(1) permits the use of prior felony convictions for the purpose of attacking the credibility of a witness, such convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused.  Notably, Rule 609, unlike FED. R. EVID. 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, that the probative value of the conviction outweigh the prejudicial effect.

In this case, the government has failed to show that there are specific circumstances demonstrating that the probative value of the proffered offenses outweighs the inevitable prejudicial impact.  See United States v. Lipscomb, 702 F.2d 1049, 1062 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much.").  The government presents no specific facts or reasons suggesting that these convictions are particularly probative of truthfulness in this case.  All felonies have some probative value as to credibility, see Lipscomb, 702 F.2d at 1063 n.54, but this proposition is simply a starting point.

With respect to the 1993 Attempted PWID charges, the government has set forth no specific facts indicating that the convictions are particularly probative in the present case.  Whatever probative value the defendant's prior convictions might have stems only from the generic inference that commission of a felony – any felony – demonstrates a conscious disregard for the law.  Id. at 1071.  The generic inference that an individual who has committed a felony offense is more likely to break the law is weak at best;  the specific inference that such an individual will break the law by consciously disregarding his oath to tell the truth is even more attenuated.

Informing the jurors of the nature of the prior convictions would significantly prejudice Mr. Jones because there is a significant risk that the jury may infer from the fact of prior convictions that Mr. Jones committed the offense at issue in this case.  That prejudice outweighs any probative value that disclosing the nature of the conviction would provide.

## CONCLUSION

For the foregoing reasons, Mr. Jones respectfully moves this honorable court to exclude the use of the evidence of the prior convictions proffered by the government.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____

RITA B. BOSWORTH
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

**DATE:** April 26, 2006