## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **Criminal No. 05-441 (RCL)** |
| JEROME H. JONES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Government's Motion [3] to Impeach Defendant with Prior Convictions Pursuant to Rule 609, filed January 26, 2006. Defendant filed an opposition [7] thereto on March 26, 2006. Both parties appeared before the Court for a hearing on July 19, 2006. Upon consideration of the parties' filings, the applicable law, and the entire record herein, the Court concludes that Government's Motion [3] to Impeach Defendant with Prior Convictions Pursuant to Rule 609 shall be GRANTED.

## I. BACKGROUND

Defendant Jerome Jones is charged, in a one-count indictment issued October 15, 2005, with Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

On October 15, 2005, at approximately 12:15 a.m., members of the Metropolitan Police Department's 7th District Vice Unit were on patrol in the 1100 block of Talbert Street, SE, Washington, D.C. The officers observed the defendant, Jerome Jones, standing with a group of approximately fifteen to twenty other people, some of whom appeared to be drinking alcohol.

1

Officer Rollins further observed Mr. Jones holding a brown paper bag that contained bottles of vodka and cranberry juice in his arm, along with a large, white Styrofoam cup in his hand. The defendant made eye contact with the officer and then began to walk away. As Officer Rollins approached the defendant, he blurted out, "I ain't doing nothing. I'm just drinking." At that time, Officer Rollins attempted to stop Mr. Jones. The defendant pushed Officer Rollins away and the defendant reached his hand to the right side of his waistband. While attempting to keep the defendant from accessing whatever he might have had in his waistband, a struggle ensued between Mr. Jones and Officer Rollins. Fearing that the defendant was armed, Officer Rollins attempted to pat down the area where the defendant kept reaching, and the defendant resisted these attempts. Eventually, the defendant was subdued and a handgun was recovered from the right side of his waistband. He was placed under arrest at that time. The handgun recovered turned out to be a fully functional Ruger 9mm semi-automatic pistol, loaded with ten rounds in the magazine and one round in the chamber.

In this case, the government seeks to introduce defendant's prior conviction for impeachment purposes should the defendant elect to testify at trial in this case. On August 12, 1993, defendant was found guilty of the following offenses: 1) Attempted Possession with Intent to Distribute Cocaine, D.C. Superior Court Case F-451-93 and 2) Attempted Possession with Intent to Distribute Cocaine, D.C. Superior Court case F-2320-93. Defendant was sentenced to 18 to 54 months consecutively on the two counts, so the defendant had to serve at least 36 months from August 12, 1993.

## II. DISCUSSION

A.    *Rule 609*

Federal Rule of Evidence 609(a)(1) provides for the admission of prior felony convictions of a defendant for impeachment purposes, subject to the time constraints of Rule 609(b)[1], if the Court determines that the probative value of the evidence outweighs its prejudicial effect to the defendant.  In evaluating whether the probative value of these convictions outweighs their prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility.  United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc).  Under the Rule, the Court held that:

> "felony convictions less than 10 years old shall be admitted if [properly introduced] during cross-examination but only if the crime (1) was [a felony] and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.  (Emphasis added.)  The phrasing "shall be admitted ··· but only if," plus the phrase " the probative value," suggests that all prior convictions meet a threshold relevance requirement, but must nevertheless be evaluated for their prejudicial effect to the defendant."

Id. at 1058.

The Lipscomb court also held that in performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the trial court has discretion to decide how much background

---

[1] Rule 609(b) states:

> "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

As previously noted, although defendant was convicted on August 12, 1993, defendant at a minimum served 36 months which would have him released from confinement in August 1996, placing this conviction within the ten year rule.

information about the conviction, if any, it needs in performing its analysis.  Id. at 1051, 1073.

B.    *Probative Value*

The Government contends that the probative value of defendant's conviction is substantial as compared to the prejudicial value.  In turn, defendant maintains that the government has failed to show that there are specific circumstances demonstrating that the probative value of the proffered offenses outweighs the inevitable prejudicial impact.  (Def.'s Opp'n 2.)  The Court agrees with the government.

As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary."  United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In Lewis, the defendant was charged, among other things, with distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act.  Id. at 943, 947.  The court held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, id. at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury.  Id. at 950.

Even considering that every impeachment by prior conviction involves some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendant in this case.  Cf. Lipscomb, 702 F.2d at 1062

("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original). Should the defendant testify in this case, the issue of his credibility will be a central issue for the jury. The Court also notes that because defendant's past conviction is an element of the offense on trial, the jury will be aware of defendant's prior conviction.

Accordingly, the probative value of the conviction in assessing defendant's credibility outweighs whatever prejudice there may be to the defendant -- particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Government's Motion [3] to Impeach Defendant with Prior Convictions Pursuant to Rule 609 shall be GRANTED.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, July 24, 2006.

5