# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Crim. No. 05-441 (RCL)** |
| **v.** | : | |
| | : | |
| | : | **Trial:  August 17, 2006** |
| **JEROME JONES,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S PRETRIAL STATEMENT

The United States submits the following pretrial statement.

### *Government's Proposed Statement of the Case*

This is a criminal case.  The Government has charged Defendant, Jerome Jones, with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year.  The Government alleges that on or about October 15, 2005, Mr. Jones, who previously had been convicted of a crime punishable by imprisonment for more than one year, possessed a Ruger 9 mm pistol, and that inside the pistol was eleven rounds of 9 mm ammunition, including one round of ammunition in the chamber and ten rounds of ammunition in the magazine.  Mr. Jones maintains that he is innocent of this charge.

### *Government's Proposed Voir Dire Questions*

The process of jury selection is called voir dire, and its object is to select twelve jurors and two alternates who have no prior knowledge concerning this case and no bias toward either side in this case.  In short, it is our aim to select a jury that will reach a verdict based solely upon the evidence presented in this courtroom and the law as I instruct you.  I will now ask you a series of questions.  Before each question, I will give you the number of the question.  If your answer to a question is yes, please write the number of the question down on the card which has been provided to you.  If you do not have an index card and pen, please raise your hand now.

1.      The government alleges that the charged offense occurred on or about October 15, 2005, at about 12:15 a.m., in the 1100 block of Talbert Street, Southeast, in Washington, D.C.  Based on this information, does any member of the jury panel believe that he or she knows anything about this case?

2.      Do you have any particular familiarity with the location of the alleged offense, the 1100  block of Talbert Street, Southeast?

3.      The United States is represented by Assistant United States Attorneys Denise M. Clark and Matthew P. Cohen.  Does any member of the panel know or know of Ms. Clark or Mr. Cohen?

4.      Mr. Jones is represented by Rita Bosworth.  Does any member of the panel know or know of Ms. Bosworth?

5.      Mr. Jones grew up in the Washington, D.C. area  Do any of you, your relatives or friends, know, or know of, Mr. Jones?

6.      During the presentation of evidence by the United States, you may hear testimony from or about the following persons: [*List to be provided at trial*].  Does any member of the panel know any of these prospective witnesses?

7.      The defendant, Mr. Jones, has no obligation to present any evidence or witnesses. If, however, he and his counsel choose to call a witness or witnesses, you may hear testimony from or about the following persons: [*List to be provided at trial*].  Does any member of the panel know any of these prospective witnesses?

8.      As I stated, I am Judge Lamberth.  My courtroom clerk is Monte Keller, and my law clerk is Michael Song.  The court reporter is Theresa Sorenson.  Do you know me or any member of my staff?

9.      Please take a moment to look around the room at your fellow panel members.  Do you know any other members of the jury panel?

10.     Mr. Jones is charged with possession of a firearm and ammunition.  Do you have such strong feelings about guns that the nature of this charge itself would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

11.     One of the fundamental principles of our legal system is that when a person is brought to court charged with a crime, that person is presumed innocent unless and until the government presents evidence that convinces you of guilt beyond a reasonable doubt.  Would you have any difficulty in applying this principle of law?

12.     Even though Mr. Jones has been arrested in this case, he is presumed innocent unless the government proves guilt beyond a reasonable doubt. Does the fact that Mr. Jones has been arrested make it difficult for any of you to presume now that he is innocent?

13.     There has been an indictment in this case. An indictment is merely a formal way of presenting charges. It is a way to inform Mr. Jones, the Court and the members of the jury what he is charged with. It has no other purpose. Would you presume Mr. Jones is guilty merely because an indictment formally charged him with a crime?

14.     The government has the burden of proving Mr. Jones guilty. This burden of proof never shifts to the defendant. Would you have any difficulty in applying this principle of law?

15.     This case involves an individual who has previously been convicted of a crime that carries as punishment a potential term of imprisonment of greater than one year. Do you feel that, because of Mr. Jones's prior conviction, he is more likely than any other person to have committed the offense in this case?

16.     If you are chosen to sit as a juror, at the end of this case the Court will instruct you as follows: "If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, you must find him guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty." Would you, for any reason, not be able to follow this instruction?

17.     The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be.  Would you have any difficulty at all in following this principle?

18.     Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court.  Would you for any reason not be able to accept and follow my instructions regarding the law?

19.     Some of the government witnesses in this case are police officers.  Do you believe that police officers are more or less credible than other witnesses simply because they are police officers?

20.     Have you or any of your relatives or any close friends ever worked, in any capacity, for (or have an application pending to work for) any type of law enforcement agency, including:  the Metropolitan Police Department, the Federal Bureau of Investigation, the United States Secret Service, the Internal Revenue Service, the United States Marshals Service, the United States Park Police, the Bureau of Immigration and Customs Enforcement, or any other federal, state or local law enforcement agency?

21.     Are you now or have you been active members or participants in any crime prevention organizations, such as the "Orange Hats"?

22.     Have you, or any of your immediate family members or close friends studied law or had any legal training?

23.    Have you, your relatives, or close friends ever worked, in any capacity, for (or have an application pending to work for) a local, state, or federal prosecutor's office, such as the D.C. Attorney General's Office, the United States Attorney's Office, or a state's attorney or commonwealth attorney?

24.    Have you or any of your relatives or any close friends ever worked, in any capacity, with or for (or have an application pending to work for) a defense attorney or an investigator working for a defense attorney?

25.    Have you formed special opinions concerning defense attorneys, prosecutors or accused persons that would affect you in deciding this case?

26.    Have you, your relatives, or close friends ever worked for the court system as a clerk, probation officer, parole officer, or in any other capacity?

27.    Have you ever served as a juror in a trial?

28.    Have you ever served as a grand juror?

29.    Have you heard or seen anything in your previous jury service that would make it difficult for you to sit in this case?

30.    Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you, for any reason, not be able to accept and follow the Court's instructions about the law?

31.    Have you, or any of your relatives or close friends, been a witness to, a victim of, or arrested for and/or charged with a crime?

32. Do you have any moral, religious or philosophical convictions which would make it difficult for you to pass judgment on another person or to render a judgment in this case based solely upon the evidence presented during trial?

33. Do you have a hearing problem, uncorrected by a hearing device, or a problem with your eyesight, uncorrected by glasses, such that it would make it difficult for you to hear or see the evidence presented in this case?

34. Is there anyone sitting near you who appears to you to have difficulty hearing?

35. Do you have an illness or other medical condition which would make it difficult for you to sit as a juror?

36. Do you need to take any medication which might cause drowsiness or otherwise make it difficult for you to remain alert and attentive during these proceedings?

37. The presentation of the evidence in this case is expected to take one to two days, after which the jury will begin deliberations. Do you have an urgent or extremely important matter to attend to such that you would be faced with a hardship if selected for the jury in this case?

38. If chosen as a juror, you should stand by your own opinion based on the evidence that comes in at trial and give Mr. Jones the benefit of your individual judgment. Do you believe that you would be unable to do that?

39. It is neither Mr. Jones's nor his attorneys' responsibility to prove Mr. Jones innocent. Because Mr. Jones is presumed innocent, he need not testify, nor offer any evidence.

Would you view his and his attorney's decision not to put on a defense as evidence of guilt?

40.     Do you know of any reason whatsoever, not covered by the Court's questions, why you could not or should not sit as a juror in this case or why you could not render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

### Government's Proposed Jury Instructions

*Instructions Before and During Trial*

| | |
|---|---|
| 1.02 | Notetaking |
| 1.03 | Preliminary Instruction Before Trial |
| 1.04A | Stipulation of Fact |
| 1.05 | Cautionary Instruction Prior to First Recess |
| 1.08 | Expert Testimony (if necessary) |
| 1.10 | Evaluation of Prior Inconsistent Statement of a Witness (if necessary) |
| 1.11 | Evaluation of Prior Consistent Statement of a Witness (if necessary) |
| 1.13 | Impeachment by Proof of Conviction of a Crime — Defendant (if necessary) |

*Final Instructions*

| | |
|---|---|
| 2.01 | Function of the Court |
| 2.02 | Function of the Jury |
| 2.03 | Jury's Recollection Controls |
| 2.04 | Evidence in the Case |
| 2.05 | Statements of Counsel |
| 2.06 | Indictment or Information Not Evidence |
| 2.08 | Burden of Proof — Presumption of Innocence |
| 2.10 | Direct and Circumstantial Evidence |
| 2.13 | Number of Witnesses |
| 2.14 | Nature of Charges Not to Be Considered |

2.26          Police Officer's Testimony

2.27          Right of Defendant Not to Testify

2.28          Defendant as Witness

2.71          Selection of Foreperson

2.72          Unanimity

2.73          Exhibits During Deliberations

2.74          Possible Punishment Not Relevant

2.75          Communications Between Court and Jury During Jury's Deliberations

2.76          Furnishing the Jury with a Copy of the Instructions

*Definitions and Proof*

3.02          Proof of State of Mind

3.07          "On or About" — Proof of

*Offense*

The essential elements of this offense, each of which the government must prove

beyond a reasonable doubt, are:

1.          That the defendant knowingly possessed a firearm and ammunition, that is,

a handgun containing 9 mm ammunition in the chamber and magazine;

2.          That the firearm and ammunition had been shipped or transported from one

state to another; and

3.      That, at the time the defendant possessed the firearm and ammunition, the defendant had been convicted of an offense punishable by imprisonment for a term exceeding one year.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

An act is done knowingly of the defendant was conscious and aware of his act, realized what he was doing, and did not act because of mistake, inadvertence, or accident.

2.09      Reasonable Doubt

**Government's Proposed Special Instruction on Reasonable Doubt**

The government requests that in place of Instruction 2.09 from *Criminal Jury Instructions for the District of Columbia*, this Court give Instruction 21, Definition of Reasonable Doubt, from *Pattern Criminal Jury Instructions*, which was approved by this circuit in *United States v. Taylor*, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993). That instruction reads as follows:

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely

true than not true.  In criminal cases, the government's proof must be more powerful

than that.  It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the

defendant's guilt.  There are very few things in this world that we know with absolute

certainty, and in criminal cases the law does not require proof that overcomes every

possible doubt.  If, based on your consideration of the evidence, you are firmly

convinced that the defendant is guilty of the crime charged, you must find him guilty.

If on the other hand, you think there is a real possibility that he is not guilty, you must

give him the benefit of the doubt and find him not guilty.


***Government's Proposed Special Instruction on Legality of the Search***

The government requests that this Court give the below instruction on the legality of the

search, if this issue arises at trial.

As I instructed you at the beginning of the case, it is my responsibility to rule of legal

questions.  In that regard, I already have determined as a matter of law that the stop

and search of the defendant in this case were lawful acts by law enforcement officers

performing law enforcement duties.

Authority:    United States v. Sanders, 196 F.3d 910, 914 (8th Cir. 1999).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Crim. No. 05-441 (RCL)** |
| **v.** | : | |
| | : | |
| | : | **Trial:  August 17, 2006** |
| **JEROME JONES,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>VERDICT</u>

   We the jury find the defendant

_____ Not Guilty                _____ Guilty

of the offense of unlawful possession of a firearm and ammunition by a person who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year.


_____                _____
Date                                            Foreperson

Respectfully submitted,


BY:    _____

DENISE M. CLARK
Assistant United States Attorney
555 Fourth Street, N.W., Room 4840
Washington, D.C. 20530
(202) 353-8213