IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| )    | |
| Plaintiff,     ) | |
| )    | |
| v.      ) | Criminal No. 05-441 (RCL) |
| )    | |
| JEROME JONES     ) | |
| )    | |
| Defendant.     ) | |
| _____ ) | |

**DEFENDANT'S REQUESTS REGARDING JURY INSTRUCTIONS**

    Jerome Jones, through undersigned counsel, respectfully proposes the following jury instructions:[1]

**I.     GENERAL INSTRUCTIONS.**

1.03     Preliminary Instruction Before and During the Trial

1.04     A. Stipulation of Fact

1.05     Cautionary Instruction Prior to First Recess

1.07     Question Not Evidence

1.10 (A) Evaluation of Prior Inconsistent Statement of a Witness-Impeachment (if applicable)

1.10 (B) Evaluation of Prior Inconsistent Statement of a Witness-Substantive Evidence (if

     applicable)

1.22     A Juror's Recognition of a Witness or Other Party Connected to the Case

2.01     Function of the Court

---

    [1]     The numbered instructions listed below are taken from the "Redbook" instructions printed in <u>Criminal Jury Instructions for the District of Columbia</u> (4th ed. 1993).  Mr. Jones reserves the right to submit a theory-of-defense instruction and to propose additional instructions based upon the evidence at trial.

2.02    Function of the Jury

2.03    Jury's Recollection Controls

2.04    Evidence in the Case - Stipulations

2.05    Statements of Counsel

2.06    Indictment Not Evidence

2.07    Inadmissible and Stricken Evidence

2.08    Burden of Proof - Presumption of Innocence

2.09    Reasonable Doubt

2.10    Direct and Circumstantial Evidence

2.11    Credibility of Witnesses

2.13    Number of Witnesses

2.14    Nature of Charges Not to Be Considered

2.26    Police Officer's Testimony

2.27    Right of Defendant not to Testify (if applicable)

2.28    Defendant as Witness (if applicable)

**II.    INSTRUCTIONS ON CHARGED OFFENSE**

    **A.    Count One (18 U.S.C. § 922(g)(1)).**

4.79 Possession of Firearm[2]

---

[2] The statute refers to persons who have been convicted of a crime punishable by imprisonment for a term exceeding one year. Mr. Jones requests that the Court and the government, throughout the trial, use this terminology, as opposed to the word "felon." Instruction 4.79 can be easily modified to accomplish this objective.

The defendant requests that the Court add to the following language to this instruction:

> The only relevance of Mr. Jones's prior conviction is for purposes of determining whether he falls within the category of individuals who are covered by the statute. This prior conviction may not in any way be considered by you for any other purpose. It may not be used by you for purposes of determining whether it is more or less likely that Mr. Jones possessed the firearm and ammunition charged in this indictment. Rather, you may only consider the prior conviction in determining whether the government has met its burden of establishing this specific element of the offense.

(See 3.08) Possession - Defined

There are two kinds of possession: actual and constructive. A person has actual possession of something, in this case the gun, if he has direct physical control over it. He has constructive possession of something if he does not have direct physical control over it, but knowingly has both the power and the intention at a given time to control it.

Mere presence near something is not enough to show possession. Mere knowledge of the location of something is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the gun and ammunition.

### III.    CLOSING INSTRUCTIONS.

2.71    Election of Foreperson

2.72    Unanimity

2.73    Exhibits During Deliberations (depending upon Court's practice)

2.75    Communications Between Court and Jury During Jury's Deliberations

                         Respectfully submitted,

                         A.J. KRAMER
                         FEDERAL PUBLIC DEFENDER

                            /s/
                         _____
                         Rita Bosworth
                         Assistant Federal Public Defender
                         625 Indiana Avenue, N.W.
                         Suite 550
                         Washington, D.C.  20004
                         (202)  208-7500