UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Crim. No. 05-441 (RCL) |
| **JEROME JONES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**DEFENDANT'S PROPOSED STATEMENT OF THE CASE,
VOIR DIRE QUESTIONS, AND VERDICT FORM**

**Statement of the Case**

This case involves a single criminal charge against Jerome Jones.  The charge is contained in an indictment, which is a formal accusation and is not itself evidence of any kind.  At trial, the prosecution must prove the charge against Mr. Jones beyond a reasonable doubt.  Mr. Jones has pleaded not guilty to the charge and, under the law, is presumed innocent.

The single charge against Mr. Jones is that on October 15, 2005, within the District of Columbia, he was in possession of a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year.  Mr. Jones denies that he possessed this gun and ammunition.

**Voir Dire**

Defendant, by and through undersigned counsel, hereby requests that in addition to the Court's usual <u>voir dire</u>, including without limitation the <u>Ridley</u> question, that the following questions also be asked of the panel:

1. A fundamental principle of our legal system is that when a person is charged with a criminal offense, he is presumed to be innocent unless and until the government

proves guilt beyond a reasonable doubt. Mr. Jones does not need to produce any evidence whatsoever to prove his innocence. If you are selected as a juror in this case, will you have difficulty applying this rule of law?

2. Do any of you now have any opinion as to Mr. Jones's guilt or innocence?

3. Do any of you believe that because Mr. Jones was arrested and charged with a crime, that he is probably guilty of something?

4. How many of you feel that you might have some difficulty presuming that Mr. Jones is innocent of the charges against him in this case?

5. The government may call the following witnesses: (the government's witness list is read to the jury). Mr. Jones is presumed innocent of the charges against him, and has no obligation to call any witnesses.

6. This case involves charges of knowingly possessing a firearm. How many of you feel that, because of the nature of the charges in this case, it might be difficult for you to sit as a juror?

7. This case also involves an individual who has been previously convicted of a crime which carries a potential term of imprisonment of greater than one year. Do any of you feel that, because of Mr. Jones's prior conviction, he is more likely than any other person to have possessed a gun?

8. The only relevance of Mr. Jones's prior conviction is for purposes of determining whether he falls into the category of individuals who are covered by the statute. You will be specifically instructed that this prior conviction should <u>not</u> be considered by you for purposes of determining whether or not Mr. Jones

        possessed a firearm on October 15, 2005.  Do any of you feel that you would not be able to follow this instruction?

9. As residents of a major metropolitan area, many of us are concerned about guns and about crime.  As jurors in this case, you would be required to set aside your concerns and attitudes on general issues and decide this case independently and solely on the evidence and the instructions as the Court gives them to you.  How many of you feel that you might find that difficult?

10. Have you or anyone close to you had an unpleasant experience where guns were involved?

11. Are any of you, your close family or friends lawyers or law students or have any of you ever studied law in the past?

12. Have any of you, your close family or friends ever worked, either formally or informally, or applied for employment with, a law enforcement agency?  By law enforcement agency I mean organizations such as the Metropolitan Police Department, F.B.I., C.I.A., I.R.S., B.A.T.F., Secret Service, Military Police, U.S. Customs Office, GSA Guards, D.C. building police, private security firms and the like?

13. How many of you (or your close friends or relatives) have been employed by any prison, jail, department of corrections, probation office, or parole agency?

14. Have any of you, or your close friends or relatives, ever worked for an office that prosecutes people charged with criminal offenses?  This would include, for example, the United States Attorney's Office, a State's Attorney's or District

        Attorney's Office, or the Department of Justice.

15. Have any of you (or your close friends or relatives) ever worked for either a Federal or local court system in any capacity?

16. Have any of you ever served on a grand jury or a petit jury (civil or criminal) in either the Federal or a local or state court system?

17. Have any of you ever sat before on a criminal jury? If so, what kind of case was it and what verdict, if any, did the jury reach?

18. Is there anything about that experience–whether it involved the lawyers, the judge, the accused, the evidence, or your jury deliberations–that makes you feel that you would have trouble being fair and impartial, or that you believe would make it difficult for you to serve as a juror in this case?

19. Have any of you formed any opinions about either prosecutors or defense attorneys which would affect you in deciding this case?

20. How many of you feel that police testimony is more likely to be believable or reliable than testimony by another witness?

21. Do any of you (or your close friends or relatives) now, or have you ever, belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, orange hat groups, or any other crime prevention groups?

22. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict. Would this be difficult to

do?

23. Does anybody on the jury panel know anybody else on the panel?

24. Would any of you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

25. Do any of you feel that you would tend to go along with the majority of jurors even if you did not agree just because you were in the minority?

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER


                /s/
        _____

        Rita Bosworth
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W.
        Suite 550
        Washington, D.C.  20004
        (202)  208 7500