IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| ) | Cr. No. 05-441 (RCL) | |
| v.   ) | | |
| ) | | |
| JEROME JONES   ) | | |
| ) | | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Mr. Jerome Jones, through his counsel, Rita Bosworth, Assistant Federal Public Defender, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Jones respectfully submits that he should be sentenced to a period of incarceration of five years.

**BACKGROUND**

On December 8, 2005, the government filed a one-count indictment against Mr. Jones, charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). The criminal conduct charged in the indictment occurred on October 15, 2005. Mr. Jones pled guilty on August 16, 2006, and he is scheduled to be sentenced on December 15, 2006, at 10:00 a.m.

**DISCUSSION**

**I.   THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound

1

to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 543 U.S. 220, 264 (2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

**II.   UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. JONES SHOULD RECEIVE A SENTENCE OF INCARCERATION OF 5 YEARS**

A. Statutory Provisions

Pursuant to the applicable statutes, there is no minimum term of imprisonment, and the maximum term of imprisonment is ten years for this Class C felony. 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

B. Advisory Sentencing Guidelines

The Probation Office, using the 2005 Edition of the United States Sentencing Guidelines has concluded that the Base Offense Level in this case is 22 and that Mr. Jones's criminal history

category is V, resulting in an advisory Guideline range of 77 to 96 months.

    C. <u>Other Factors</u>

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a), sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

    *I. Nature of the Offense*

Mr. Jones understands that guns are a serious threat to the community and he regrets that he had a gun in his bag. Though Mr. Jones in no way wishes to diminish the seriousness of the offense, he notes that possession of a gun is not a violent crime, nor was any identifiable victim hurt as a result of his conduct.

    *II. Characteristics of the Defendant*

As the Court can see from the PSR, Mr. Jones grew up with very little family support. His father did not participate in his upbringing at all, and his mother only raised him until he was

6 before sending him to his aunt's house. With so little parental guidance and support, Mr. Jones unfortunately began getting involved in crime at a young age. His involvement was driven by a lack of financial resources and a lack of support at home. While he does have a criminal history, Mr. Jones has demonstrated an acceptance of his past and a willingness to comply with all of his legal obligations so that he can move on with his life.

In the context of his family situation, Mr. Jones told counsel that he never really knew what it was like to be loved, and he constantly pushed people away in his life because he could never trust anyone. This finally changed in 1997 when Mr. Jones met Cindy Hill, the woman who became the mother of his child. Mr. Jones's daughter, Jayka, is now 8 years old. Mr. Jones enthusiastically supports his daughter and cares for her financially when he can. Though they are no longer romantically involved, Mr. Jones and Ms. Hill maintain a good relationship, and Mr. Jones makes every effort to be supportive of her and his daughter.

### III. Needs of the Community and Public

The public has an interest in keeping the streets safe and keeping guns out of the community. However, it also has a duty to help fellow human beings who have not had easy lives and who are a product of their surroundings. Mr. Jones agrees that he must serve some time for this charge. But he asserts that when crafting its sentence, the Court should consider the circumstances of his upbringing, the non-violent nature of the charge, the amount of time that has passed between now and his previous crimes, and the fact that he accepted responsibility for his actions.

### IV. Appropriate Sentence

Mr. Jones submits that an appropriate sentence in this case would be five years, or 60

months. According to the PSR, Mr. Jones receives 6 criminal history points for 2 crimes that were committed almost 14 years ago, both in 1993, when Mr. Jones was only 18 years old. Given that those two offenses were so long ago, and given that Mr. Jones was so young at the time, it would be appropriate to look to the guidelines that would apply were the points for those two crimes to be discounted. In that event, Mr. Jones's total criminal history points would be 4, putting him in a category III. With a base offense level of 22, Mr. Jones's guideline range would be 51-63 months. Mr. Jones urges the Court to consider that this guideline range is more appropriate in order to avoid an overly punitive sentence.[1]

In addition, the Court should consider that the maximum sentence for this crime is ten years. Mr. Jones's current guidelines of 77-96 months put him at over half of the statutory maximum. Mr. Jones did not use the gun, he did not brandish the gun, he did not threaten anyone with the gun, he merely possessed it. It would be unduly punitive to sentence Mr. Jones to over half the statutory maximum when other similarly situated defendants engaging in the same conduct receive much lower sentences, simply because of two crimes that Mr. Jones committed over 13 years ago. As such, Mr. Jones respectfully requests that the Court sentence him to a period of incarceration of 60 months, which is at the high end of the revised guideline range.

---

[1] Mr. Jones also received one criminal history point for a charge of Driving Under the Influence, which took place 7 years ago. This one point for a non-violent crime bumps Mr. Jones up an entire criminal history category. At the very least, counsel submits that the Court should discount this point, placing Mr. Jones in criminal history category IV, with a guideline range of 63-78 months.

## CONCLUSION

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Jones asks the Court to sentence him to a period of incarceration of 5 years. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500 ex.105