FILED
MAY 24 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
)
v. )
) Criminal No. 05-441 (RCL)
) Civil Action No. 10-1797 (RCL)
JEROME H. JONES, )
    Defendant/Petitioner. )
)

## MEMORANDUM OPINION & ORDER

Before the Court is defendant Jerome Jones' *pro se* Motion [32] to Vacate Defendant's Conviction and Sentence Pursuant to 28 U.S.C. § 2255. Upon consideration of the motion, the government's opposition [46], the reply thereto [49], the entire record herein, and the applicable law, the Court will DENY defendant's motion for the reasons set forth below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 16, 2006, defendant entered a conditional guilty plea to one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Defendant requested—first in December, and again in January—that the Court continue his sentencing until after the completion of his trial in D.C. Superior Court. On January 29, 2007, defendant was convicted in Superior Court of one count of possession of a prohibited weapon, one count of simple assault, and one count of obstruction of justice. These convictions raised defendant's Criminal History Category from Level V to Level VI, thereby increasing his guideline range from 77 to 96 months (Total Offense Level 22, Criminal History Category V) to 84 to 105 months (Total Offense Level 22, Criminal History Category VI).

1

Defendant was sentenced in this case on February 7, 2007. At sentencing, his attorney requested that the Court use the Presentence Investigation Report, which set the Criminal History Category at V. The Court, in light of defendant's record, sentenced him to 84 months of incarceration and 3 years of supervised release. On October 23, 2009, the U.S. Court of Appeals for the District of Columbia affirmed defendant's conviction and sentence. *See United States v. Jones*, 584 F.2d 1083 (D.C. Cir. 2009).

Defendant's instant motion asks the Court to vacate his conviction and sentence based on ineffective assistance of counsel. He asserts that his trial attorney performed deficiently by (1) failing to argue that his indictment, plea agreement, conviction, and sentence resulted from "vindictive prosecution;" (2) failing to prevent the postponement of his sentencing; and (3) providing "misleading advice to plead guilty and that a sentence of no higher than 60 months would be given." Defendant's Motion 3, Oct. 21, 2010 [32].

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside, or correct its sentence if the prisoner believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is an extraordinary remedy in light of society's legitimate interest in the finality of judgments. Indeed, "[t]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Nonetheless, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt

hearing thereon." 28 U.S.C. § 2255(b). District courts have discretion in determining whether a defendant's claims are too "vague, conclusory, or palpably incredible" to require a hearing. The defendant bears the burden of proving his claims by a preponderance of the evidence. *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973).

"[A]n ineffective assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). To prevail on a claim of ineffective assistance of counsel, a defendant must establish (1) that counsel's performance was deficient— that is, that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) that counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

To establish that counsel's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 689. To establish that counsel's deficient performance prejudiced the defense, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

### III. **DISCUSSION**

### A. Defendant has not shown vindictive prosecution and therefore cannot establish that his attorney was deficient in failing to raise that claim.

Defendant asserts that his attorney was deficient in failing to argue that his indictment, plea agreement, conviction, and sentence resulted from "vindictive prosecution." Specifically, he claims that he was "threatened with federal prosecution [in] this instant matter if he did not cooperate . . . or in the alternative plead to [Assault with a Deadly Weapon]" in a murder case in Superior Court. Mot. 10. He contends that he was indicted on the federal charge in this case because he insisted on going to trial in the Superior Court case. *Id.*

A prosecutorial action is vindictive "only if designed to penalize a defendant for invoking legally protected rights." *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir. 1987). A defendant can establish a presumption of vindictiveness by showing "a reasonable likelihood [that] vindictiveness exists." *United States v. Gary*, 291 F.3d 30, 34 (D.C. Cir. 2002). In other words, the defendant must show that the prosecutor's decision was "more likely than not" attributable to vindictiveness. *Alabama v. Smith*, 490 U.S. 794, 802 (1989); *Gary*, 291 F.3d at 34. If the presumption arises, the government can rebut it with objective reasons for its conduct. *United States v. Goodwin*, 457 U.S. 368, 374 (1982).

In *Blackledge v. Perry*, 417 U.S. 21, 28 (1974), the Supreme Court recognized a presumption of vindictiveness where a prosecutor retaliates against a convicted defendant who asserts his statutory right to a trial de novo "by substituting a more serious charge for the original one." The presumption does not apply, however, where the prosecutor's conduct is attributable to legitimate reasons. *Goodwin*, 457 U.S. at 374; *see also Bordenkircher v. Hayes*, 434 U.S. 357, 364–65 (1978) (allowing a prosecutor to threaten a felony charge if the defendant did not plead guilty to a misdemeanor charge where there was no dispute that the felony charge was justified

by the evidence). Indeed, "[n]othing in *Blackledge* presumed to give the defendant a free ride for separate crimes he may have committed, or to prevent a prosecutor from bringing new charges as a result of changed or altered circumstances which properly bear on prosecutorial discretion." *United States v. Griffin*, 617 F.2d 1342, 1348 (9th Cir. 1980).

Here, the government did not act vindictively by pursuing a federal charge that was supported by the evidence. Rather, the government—in light of changed circumstances and in the exercise of its prosecutorial discretion—brought a charge that would yield a conviction and sentence commensurate with its assessment of defendant's criminal conduct. Because the government had legitimate reasons for charging defendant in this case, defendant cannot show vindictive prosecution. He therefore cannot establish that his attorney was deficient in failing to raise that claim at trial.

### B. Defendant has failed to establish that he was prejudiced by the postponement of his sentencing.

Defendant asserts that his attorney performed deficiently by failing to prevent the postponement of his sentencing in this case. He argues that his attorney should not have requested that the Court continue his sentencing until after the completion of his trial in Superior Court, as this "exposed [him] to a greater sentence [than] what he plea bargained for and was expecting to receive." Mot. 12. As the record indicates—and as defendant concedes—defendant himself requested that his sentencing be continued. Defendant's Reply 7–8, May 2, 2011 [49]; Government's Opposition 17–18, Apr. 21, 2011 [46]. Defendant contends, however, that his counsel "acted on impulse, 'without thinking' of future consequences for her client in deciding to forego sentencing." Reply 7–8.

5

"A court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 670. Here, the Court finds that defendant has failed to establish that he was prejudiced by the postponement of his sentencing. In the sentencing context, a showing of prejudice requires a reasonable probability that, but for counsel's errors, the outcome of sentencing would have been different. *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 (8th Cir. 2010). As noted above, defendant's convictions in Superior Court raised his Criminal History Category from Level V to Level VI, thereby increasing his guideline range in this case from 77 to 96 months (Total Offense Level 22, Criminal History Category V) to 84 to 105 months (Total Offense Level 22, Criminal History Category VI). The Court sentenced defendant to 84 months, which falls *within* the guideline range for Criminal History Category V. Because the Court had the discretion to sentence defendant anywhere within the applicable guideline range—as well as to depart from the guideline range as appropriate—there is no way to tell what sentence the Court would have given him on his original sentencing date.[1] It is merely speculative to conclude that defendant, had he been sentenced prior to his trial in Superior Court, would have received a sentence of less than 84 months in this case. Defendant therefore cannot establish a reasonable probability that, but for his attorney's request to postpone sentencing, the outcome of his sentencing would have been different.

### C. *Defendant has failed to establish that his attorney was deficient in advising him on his guilty plea and potential sentence.*

---

[1] Indeed, defendant indicated in his plea letter that he understood that "the sentence to be imposed is a matter solely within the discretion of the Court." Plea Agreement 2, Aug. 16, 2006 [16]. He further indicated during his plea colloquy that he understood the Court's authority, in some circumstances, to "impose a sentence that's more severe or less severe than the sentence called for by the guidelines." Opp'n 5.

Defendant asserts that his attorney performed deficiently by providing "misleading advice to plead guilty and that a sentence of no higher than 60 months would be given." Mot. 3. The record, however, indicates that defendant's attorney made no such promises. Defendant indicated in his plea letter that "absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement." Plea Agreement 4, Aug. 16, 2006 [16]. He further indicated in his plea colloquy that no one had made any prediction or promise as to what sentence the Court would give him. Opp'n 14.

Moreover, defendant stated in his plea colloquy that he understood that the maximum sentence for his charge was ten years in prison and that he had discussed his possible sentence under the sentencing guidelines with his attorney. *Id.* at 14–15. He also stated that he understood that the Court would not determine his guideline range until after his presentence report had been prepared and reviewed. *Id.* at 15. Thus, defendant's plea agreement and sworn statements demonstrate that his attorney neither misled him nor made any promises regarding his sentence. He has therefore failed to establish that his attorney was deficient in advising him on his guilty plea and potential sentence.

## IV. CONCLUSION

Defendant has failed to make the requisite showing for each of his three claims of ineffective assistance of counsel. The Court thus finds that he is not entitled to relief under 28 U.S.C. § 2255. Furthermore, because the motion, files, and records in this case "conclusively show that the prisoner is entitled to no relief," no evidentiary hearing is required. 28 U.S.C. § 2255(b). Accordingly, it is hereby

ORDERED that defendant's Motion [32] to Vacate Defendant's Conviction and Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

SO ORDERED this 23rd day of May 2011.

ROYCE C. LAMBERTH
Chief Judge
United States District Court